# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------------X

RAFFALE FRANZESE and MARIA M. FRANZESE,

Plaintiff(s),

-against-

TARGET CORPORATION,

Defendant(s).

---------------------------------------------------------------------X

Index No.:
Date Purchased:

**E-FILED SUMMONS**

Plaintiffs designate Suffolk County as the place of trial.

The basis of venue is: Plaintiff's Residence

Plaintiffs reside at:
164 North 10th Street
Lindenhurst, NY 11757
County of Suffolk

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Ronkonkoma, New York
January 16, 2024

SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 230248

TO:

Target Corporation
C/o C T Corporation System
28 Liberty Street
New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------------X

RAFFALE FRANZESE and MARIA M. FRANZESE,

Plaintiff(s),

-against-

TARGET CORPORATION,

Defendant(s).

---------------------------------------------------------------------X

Index No.:

**E-FILED VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, GRUENBERG KELLY DELLA, complaining of the Defendants, respectfully allege, upon information and belief:

**AS AND FOR A FIRST CAUSE OF ACTION**
**ON BEHALF OF RAFFALE FRANZESE**

1. That at all times herein mentioned, plaintiffs were, and still are, residents of the County of Suffolk, State of New York.

2. That the cause of action alleged herein arose in the State of New York, County of Suffolk.

3. That this action falls within one or more of the exemptions set forth in CPLR §1602.

4. That at all times hereinafter mentioned and upon information and belief, defendant, TARGET CORPORATION, was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

5. That at all times hereinafter mentioned and upon information and belief, defendant, TARGET CORPORATION, was and still is a foreign corporation authorized to do business under and by virtue of the Laws of the State of New York.

6. That at all times hereinafter mentioned and upon information and belief, defendant, TARGET CORPORATION, was and still is a business authorized to conduct business under and by virtue of the Laws of the State of New York.

7. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, owned the premises located at 1149 Sunrise Highway, Copiague, New York.

8. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, leased and/or rented the aforesaid premises.

9. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, operated the aforesaid premises.

10. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, maintained the aforesaid premises.

11. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, managed the aforesaid premises.

12. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, controlled the aforesaid premises.

13. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, repaired the aforesaid premises.

14. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, inspected the aforesaid premises.

15. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, provided security at the aforesaid premises.

16. That on June 21, 2023, and at all times herein mentioned, an unsafe and hazardous condition existed on or about the aforesaid premises.

17. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, caused this unsafe and hazardous condition.

18. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, created this unsafe and hazardous condition.

19. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, caused this unsafe and hazardous condition by failing to provide adequate security at the aforesaid premises.

20. That on June 21, 2023, and at all times herein mentioned, defendant, TARGET CORPORATION, created this unsafe and hazardous condition by failing to provide adequate security at the aforesaid premises.

21. That upon information and belief, defendant, TARGET CORPORATION, had actual notice of this unsafe and hazardous condition.

22. That upon information and belief, defendant, TARGET CORPORATION, had constructive notice of this unsafe and hazardous condition.

23. That on June 21, 2023, plaintiff, RAFFALE FRANZESE, was lawfully present on or about the aforesaid premises.

24. That on June 21, 2023, plaintiff, RAFFALE FRANZESE, was lawfully present on the aforesaid premises with the knowledge, permission and consent of the defendants.

25. That on June 21, 2023, while plaintiff, RAFFALE FRANZESE, was lawfully present on or about the aforesaid premises, plaintiff was caused to be seriously injured.

26. That on June 21, 2023, plaintiff, RAFFALE FRANZESE, was caused to be seriously injured due to the abovementioned unsafe and hazardous condition.

27. That on June 21, 2023, plaintiff, RAFFALE FRANZESE, was caused to be seriously injured due Defendant's failure to provide adequate security at the aforesaid premises.

28. The abovementioned occurrence and the results thereof were caused by the negligence of the defendant and/or said defendant's servants, agents, employees and/or licensees in the ownership, operation, management, maintenance, repair, inspection, security and control of the aforesaid premises.

29. That no negligence on the part of the plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

30. That because of the unsafe and hazardous condition that existed at the above stated premises, plaintiff was caused to sustain serious injuries and to have suffered pain, shock, mental anguish; that these injuries and their effects will be permanent; as a result of said injuries plaintiff was caused and will continue to be caused to incur expenses for medical care and attention; and plaintiff was and will continue to be rendered unable to perform plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

31. That as a result of the foregoing, plaintiff, RAFFALE FRANZESE, has been damaged in an amount that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF MARIA M. FRANZESE**

32. Plaintiff, MARIA M. FRANZESE, repeats, reiterates and realleges each and every allegation contained in the First Cause of Action with the same force and effect as though same more fully set forth at length herein.

33. That at all times hereinafter mentioned, plaintiff, MARIA M. FRANZESE, is the spouse of the plaintiff, RAFFALE FRANZESE, and as such was entitled to the society, services and consortium of her spouse, RAFFALE FRANZESE.

34. That by reason of the foregoing, plaintiff, MARIA M. FRANZESE, has been deprived of the society, services and consortium of the plaintiff, RAFFALE FRANZESE, and may forever be deprived of said society, services and consortium.

35. That by reason of the foregoing, plaintiff, MARIA M. FRANZESE, has been damaged in an that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction.

**WHEREFORE**, Plaintiffs demand judgment against the Defendant on the First Cause of Action in an that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction; and on the Second Cause of Action in an that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Ronkonkoma, New York
January 16, 2024

Yours, etc.

SEAN KELLY
Gruenberg Kelly Della
700 Koehler Avenue
Ronkonkoma, New York 11779
631-737-4110
Our File No. 230248

# INDIVIDUAL VERIFICATION

STATE OF NEW YORK
COUNTY OF SUFFOLK SS.:

Raffaele Franzese being duly sworn deposes and says:

I am the plaintiff(s) herein; I have read the annexed

Summons and Complaint

and know the contents thereof and the same are true to my knowledge, except for those matters therein which are stated to be alleged on information and belief, and as to those matters, I believe them to be true.

* [signature]

Sworn to before me this
16th day of January, 2024

[signature]
Notary Public

JANEEN RUSSO
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01RU6411442
Qualified in SUFFOLK County
Commission Expires 11/23/2024